UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Arnold Bernard Cruell, ) | |
| ) | C/A No.: 4:11-cv-02847-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Carolyn Colvin, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court upon Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff seeks fees in the amount of $5,479.60, which represents 30.4 hours of attorney's work at the hourly rate of $180.25. The Commissioner filed a response in opposition to an award of reasonable attorney's fees to Plaintiff on May 16, 2013. ECF No. 38. Plaintiff filed a reply to the Commissioner's response on May 28, 2013. ECF No. 39. For the reasons stated herein, Plaintiff's motion is hereby GRANTED.

## Background

Plaintiff filed an application for social security disability benefits and Supplemental Security Income Benefits on May 1, 2009, alleging disability as of June 17, 2005 due to chronic low back pain, radiculopathy, degenerative disease, facet hypertrophy, and disc protrusion. ECF No. 22. His applications were denied at all administrative levels and upon reconsideration. A hearing was held on July 29, 2010,

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she should be substituted for Michael J. Astrue as the defendant in this suit. No further action needs to be taken to continue this suit pursuant to the last sentence of Social Security Act § 205(g), 42 U.S.C. § 405(g) (2006).

before an Administrative Law Judge ("ALJ") at which the Plaintiff appeared and testified on his behalf. The ALJ issued a decision on October 15, 2010, finding Plaintiff was disabled beginning June 17, 2005, and ending March 30, 2010. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision.

Plaintiff filed the instant action seeking judicial review of the Commissioner's final decision on October 19, 2011.  ECF No. 1.  The matter was initially referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation, which was issued on January 7, 2013.  ECF No. 28.  Plaintiff filed no objections to the Report and Recommendation, and on January 24, 2013, the Commissioner notified the Court that the government would not file objections to the report.  *See* ECF No. 31.  The Court adopted the Report and Recommendation on January 28, 2013 and remanded the case pursuant to Sentence Four of 42 U.S.C § 405(g) to the Commissioner for further administrative proceedings.  ECF No. 35.

## Discussion

Under the EAJA, a party who prevails in litigation against the United States is entitled to an award of attorney's fees and costs upon timely petition unless the Court finds that the government's position was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A) (2006).  The Commissioner does not dispute that Plaintiff constitutes a "prevailing party" in this case.  Nonetheless, the Commissioner asserts that the government's position in this case was substantially justified.  ECF No. 38.

The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). In determining whether the government's position was substantially justified, the Court "consider[s] the totality of the circumstances." *Hyatt v. Barnhart*, 315 F.3d 239, 244–45 (4th Cir. 2002). To be substantially justified, the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In other words, the government must establish that its position has a reasonable basis in both law and fact. *Id.* If "the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, it was not substantially justified." *Makinson v. Astrue*, 586 F.Supp.2d 491, 495 (D.S.C. 2008); *see Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991) ("The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney fees.").

As a preliminary matter, contrary to Plaintiff's assertion, the Commissioner's "decision not to object to the Magistrate Judge's Report should not be read as an admission that the Commissioner's position was not substantially justified." *Lucas v. Astrue*, C/A No. 5:10-cv-02606-JMC, 2013 WL 170006, at *2 (D.S.C. Jan 16, 2013) (citing *Threlkeld v. Astrue*, C/A No. 4:07-1855-HMH-TER, 2008 WL 4816991 (D.S.C. Oct. 28, 2008)). Thus, the Court must determine whether the Commissioner's position had a reasonable basis in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

In the Report and Recommendation, the Magistrate Judge found that there was no "substantial evidence to support the ALJ's finding that Plaintiff could perform

medium work as of March 29, 2010, based on the medical evidence." Report and Recommendation 11, ECF No. 28. The Commissioner argues that the government's position was substantially justified because "all the medical opinions of record—which were authored about Plaintiff's condition prior to his back surgery that enabled him to medically improve—concluded that Plaintiff could perform medium work." ECF No. 38. The Commissioner cites to the February 2008 functional capacity assessment Plaintiff underwent that concluded Plaintiff was capable of performing medium work; the August 2009 review of Plaintiff's medical records by Steven Fass, M.D.; and the December 2009 review of Plaintiff's medical records by William Crosby, M.D. *Id.* However, the ALJ did not cite to any of these opinions in finding that Plaintiff could perform medium work as of March 29, 2010, and the Court finds that this post-hoc rationalization by the Commissioner does not render the government's position substantially justified. In fact, the ALJ himself seems to have given little credibility to these opinions because when considering them along with the other medical evidence, he only found that Plaintiff was capable of performing "light work" during the period of June 17, 2005 until March 29, 2010. Tr. 13. Thus, the Commissioner is unable to offer any reasonable basis for its position that the ALJ properly concluded that Plaintiff could perform medium work as of March 29, 2010.

For these reasons, the Court finds that the government has not met its burden of showing that its position was substantially justified, and no special circumstances exist that would make an award of attorney's fees to Plaintiff unjust. Upon review of Plaintiff's motion and supporting affidavit, the Court finds that the amount of $5,479.60, representing 30.4 hours of attorney's work at the hourly rate of $180.25, is

reasonable. In paying an EAJA award, the award must be made payable directly to Plaintiff and not Plaintiff's attorney. *See Astrue v. Ratliff*, 505 U.S. ___, No. 08-1322, slip op. at 1 (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for attorney's fees pursuant to the EAJA in the amount of $5,479.60 is hereby GRANTED. Defendant is directed to make this amount payable to Plaintiff.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

June  4 , 2013
Anderson, South Carolina